IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
                                        :
ANDREW BAILEY,                          :
        Plaintiff                       :          15 CV 1835 (JBA)
                                        :
v.                                      :
                                        :
                                        :          OCTOBER 11, 2017
GROCERY HAULERS, INC.,                  :
        Defendant                       :
                                        :
-------------------------------------------------------X
```

RULING ON DEFENDANT GROCERY HAULERS, INC.'S MOTION TO COMPEL (Dkt. #67)

On December 2, 2015, plaintiff Andrew Bailey commenced this sexual orientation discrimination action against defendant Grocery Haulers, Inc. in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, which was removed to this Court on December 18, 2015. (Dkt. #1). On January 14, 2016, plaintiff filed an Amended Complaint (Dkt. #16), along with a Motion to Remand (Dkt. #17), which U.S. District Judge Janet Bond Arterton denied on March 1, 2016. (Dkt. #26). On March 16, 2016, this case was referred to this Magistrate Judge for settlement (Dkt. #30); the conference was held on April 15, 2016. (Dkts. ## 34, 39).

On March 25, 2016, plaintiff filed his Second Amended Complaint, in which he asserts two counts: (1) discharge in violation of public policy under CONN. GEN. STAT. § 31-49; and (2) employment discrimination in violation of CONN. GEN. STAT. §§ 46a-60 and 46a-81c. (Dkt. #33). On April 5, 2016, defendant filed its objection to plaintiff's Second Amended Complaint (Dkt. #37), along with its Motion to Dismiss. (Dkt. #38; see also Dkts. ##46-50, 52, 55-57). On March 16, 2017, Judge Arterton granted in part and denied in part defendant's Motion to Dismiss. (Dkt. #58). See also 2017 WL 1025664. In her decision, Judge Arterton

dismissed Count One on grounds that plaintiff's wrongful discharge claim "is not a statutory claim, but rather a common [] law claim based on the public policy standards enunciated in Section 31-49[,]" and "[b]ecause [p]laintiff[, who is a union member protected by a collective bargaining agreement,] is not an at-will employee, his common law wrongful discharge claim fails as a matter of law[]" (Dkt. #58, at 7-8; 2017 WL 1025664, at 3-4), and she denied defendant's motion as to plaintiff's claim for discrimination in violation of CONN. GEN. STAT. § 46a-81c.[1] (Id. at 9-12; 2017 WL 1025664, at *4-6).

On August 9, 2017, defendant Grocery Haulers filed the pending Motion to Compel (Dkt. #67), with brief and exhibits in support.[2] The next day, Judge Arterton referred this

---

[1]Section 46a-81c, "Sexual orientation discrimination: Employment[,]" provides:

It shall be a discriminatory practice in violation of this section: (1) For an employer by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's sexual orientation or civil union status, (2) for any employment agency, except in the case of a bona fide occupational qualification or need, to fail or refuse to classify properly or refer for employment or otherwise to discriminate against any individual because of the individual's sexual orientation or civil union status, (3) for a labor organization, because of the sexual orientation or civil union status of any individual to exclude from full membership or to expel from its membership such individual or to discriminate in any way against any of its members or against any employer or any individual employed by an employer, unless such action is based on a bona fide occupational qualification, or (4) for any person, employer, employment agency or labor organization, except in the case of a bona fide occupational qualification or need, to advertise employment opportunities in such a manner as to restrict such employment so as to discriminate against individuals because of their sexual orientation or civil union status.

CONN. GEN. STAT. § 46a-81c.

[2]Attached to defendant's motion is an affidavit ["Aff't"] of counsel, sworn to August 9, 2017, with the following exhibits attached: copy of email correspondence between counsel, dated April 19, 2017 (Exh. 1); copy of email correspondence between counsel, dated May 24, 2017 (Exh. 2); copies of email correspondence between counsel, dated May 24, 29 and 31, 2017 (Exh. 3); copy of email correspondence from plaintiff's counsel, dated May 31, 2017 (Exh. 4); copy of email correspondence between counsel, dated May 31, 2017 (Exh. 5); and copies of email correspondence between counsel, dated July 20 and 23, 2017 (Exh. 6).

motion to this Magistrate Judge. (Dkt. #69). On August 30, 2017, plaintiff filed his brief in opposition to defendant's motion (Dkt. #71),[3] and on September 13, 2017, defendant filed its reply brief. (Dkt. #72). Discovery is scheduled to close on December 18, 2017. (Dkt. #70; <u>see also</u> Dkt. #68).

For the reasons stated below, defendant's Motion to Compel (Dkt. #67) is <u>granted in part and denied in part</u>.

## I. BACKGROUND

In the parties' Rule 26(f) Report, filed on February 12, 2016, defendant requested permission to serve more than twenty-five interrogatories, to which plaintiff objected, but then also added that "if such request is granted, [p]laintiff . . . requests permission to file more than [twenty-five] interrogatories." (Dkt. #21, ¶ V.E.6). There is no docket sheet entry reflecting Judge Arterton's ruling on defendant's request.[4] Thereafter, on or about November 17, 2016, defendant served its First Set of Interrogatories and Requests for

_____

Attached to defendant's brief are the following exhibits: copy of Defendant's First Set of Interrogatories and Requests for Production to Plaintiff, dated November 17, 2016 (Exh. A); copy of Notice of Filing Objections to Defendant's First Set of Interrogatories and Requests for Production, dated December 9, 2016 (Exh. B); copy of Plaintiff's Notice of Amended Compliance, dated May 24, 2017 (Exh. C); copy of Plaintiff's Notice of Supplemental Compliance, dated June 1, 2017 (Exh. D); and copy of excerpts of deposition transcript of plaintiff, taken on July 20, 2017 (Exh. E).

[3]Attached to plaintiff's brief are the following exhibits: another copy of email correspondence between counsel, dated July 20 and 23, 2017 (Exh. 1); and copy of plaintiff's Notice of Supplemental Compliance to Defendant's First Set of Interrogatories and Requests for Production, dated August 30, 2017 (Exh. 2).

[4]In its reply brief, defendant contends that the court approved, over plaintiff's objection, the parties' Rule 26(f) Report in which it requested leave to file more than twenty-five interrogatories. (Dkt. #72, at 1). As stated above, there is no entry on the docket sheet reflecting the Court's approval of the 26(f) Report filed on February 12, 2016. There was, however, an Amended Rule 26(f) Report filed on April 3, 2017 (Dkt. #61), containing the same language requesting permission to serve more than twenty-five interrogatories (at ¶V.E.6), which Amended Rule 26(f) Report Judge Arterton approved on April 19, 2017. (Dkt. #62).

Production, in which defendant sought responses to twenty-three interrogatories, with more than twenty-five sub-parts,[5] along with twenty-eight requests for production. (Dkt. #67, Brief, Exh. A). In his responses, dated December 9, 2016,[6] plaintiff expressed a general objection to the number of interrogatories as exceeding "the number of interrogatories allowed without court approval." (Dkt. #67, Brief, Exh. B at 1).[7] Plaintiff also objected to fourteen of the twenty-three interrogatories. (See id., Exh. B). On or about May 24, 2017, plaintiff served his Notice of Amended Compliance (id., Exh. C),[8] and on or about June 1, 2017, plaintiff served a Notice of Supplemental Compliance with Interrogatories Nos. 2, 3, 4, 5 and 23. (Id., Exh. D).

On August 9, 2017, defendant filed the pending Motion to Compel responses to Interrogatories Nos. 12-19 and 21 and Requests for Production Nos. 2, 8, 11, 12, 16, 20, 23 and 26, relating to facts, claims and witnesses; responses to Interrogatories Nos. 6-9 and Requests for Production Nos. 2, 5, 18, 27 and 28, relating to plaintiff's claim for damages; responses to Interrogatory No. 4 and Request for Production No. 22, relating to other and/or prior litigation; and response to Interrogatory No. 22, relating to documents that have been

---

[5]As stated in the 1993 Amendments to Rule 33(a) of the Federal Rules of Civil Procedure:

Each party is allowed to serve [twenty-five] interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subpart' questions that seek information about discrete separate subjects.

[6]Defense counsel received these responses as an attachment to an email from plaintiff's counsel, dated May 31, 2017. (Dkt. #67, Aff't, Exh. 4).

[7]See note 4 supra.

[8]Defense counsel avers that he received the May 24, 2017 Notice of Amended Compliance by email on May 31, 2017 (Dkt. #67, Aff't ¶ 10); attached to a subsequent email, also sent on May 31, 2017, was the December 9, 2016 objections. (Id. ¶ 11; Dkt. #67, Aff't, Exh. 4). See note 6 supra.

destroyed, deleted or cannot be located.  (Dkt. #67, at 1-2; Dkt. #67, Brief at 1-2, 4-33).

Attached to plaintiff's brief in opposition, filed on August 30, 2017, is another supplemental

compliance in which plaintiff supplemented his responses to Interrogatories Nos. 6, 9, 13-

19 and 21, and responded to Interrogatory No. 12, but did not waive his objection.  (Dkt.

#71, Exh. 2; Dkt. #71, at 5).  Additionally, plaintiff provided supplemental compliance for

Requests for Production Nos. 5, 16 and 18 (Dkt. #71, Exh. 2; Dkt. #71, at 7); he

supplemented his responses to Interrogatories Nos. 8 and 9 (id. at 9); he argues that he

"has sufficiently produced a response to [I]nterrogatory [No.] 7[]" (id.); and he asserts that

he stands by his objections to Requests for Production Nos. 2, 8, 11, 12,  20, 22, 23,  26, 27

and 28 as they are not limited in timeframe, nor are they limited to claims made in this case.

(Id. at 6-9).

    In its reply brief, defendant argues that plaintiff has not responded to the subparts

of Interrogatory No. 12, Interrogatories Nos. 6, 13, 14, 15,[9] 17, 19 and 21, and Requests for

Production Nos.  2, 8, 11, 12, 20, 23 and 26 (Dkt. #72, at 1-7); plaintiff has not provided

complete responses to Interrogatories Nos. 7 and 8, and Requests for Productions Nos. 5,

18 and 27 (id. at 7-9); plaintiff has not responded to Interrogatory No. 4 and Request for

Production No. 22 (id. at 9); and plaintiff has not stated a grounds for objecting to

Interrogatory No. 22.  (Id.).

## II. DISCUSSION

    Rule 26(b)(1) of the Federal Rules of Civil Procedure allows discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the

---

[9]Although defendant referenced Interrogatory No. 16 in its brief, it is clear from the
context that this is a typographic error; defendant is referring to No. 15.  (See Dkt. #72, at 3).  See
note 10 infra.

5

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[T]o fall within the scope of permissible discovery, information must be 'relevant to any party's claim or defense.' In order to be 'relevant' for Civil Rule 26 discovery purposes, information and evidentiary material must be 'relevant' as defined in Rule of Evidence 401." Bagley v. Yale Univ., No. 13 CV 1890 (CSH), 2015 WL 8750901, at *8 (D. Conn. Dec. 14, 2015). The party objecting must state such objections with "specificity[,]" FED. R. CIV. P. 33(b)(4) and 34(b)(2)(B), and when withholding documents, the objecting party must state whether any responsive materials are being withheld on the basis of any objection. FED. R. CIV. P. 34(b)(2)(C).

### A. DISCOVERY REQUESTS RELATING TO FACTS, CLAIMS AND WITNESSES – INTERROGATORIES NOS. 12-19, 21 AND REQUESTS FOR PRODUCTION NOS. 2, 8, 11, 12, 16, 20, 23, 26

#### 1. INTERROGATORIES NOS. 12, 13, 14, 15, 16, 17, 18, 19, 21[10]

##### a. CLAIMS

In Interrogatory No. 12, and its eleven subparts, defendant seeks information relating to the "factual basis for the allegations" in the Second Count of plaintiff's Amended Complaint and second Amended Complaint that "[d]efendant[,] 'including its agents, servants and/or employees including the [d]efendant's dispatcher, perceived the [p]laintiff to be bisexual.'"

---

[10]Plaintiff provided responses to Interrogatory No. 18 in his Supplemental Compliance, and defendant has not objected. (Dkt. #71, Exh. A at 11-12).

In its reply brief, filed after plaintiff's Supplemental Compliance, defendant does not assert deficiencies in plaintiff's response to Interrogatory No. 16. (See Dkt. #71, Exh. A, Interr. No. 16; see Dkt. #72, at 3 (defendant erroneously refers to subparts of Interrogatory No. 16, which Interrogatory does not have subparts; it is clear from the context that defendant meant to refer to Interrogatory No. 15)).

(Dkt. #67, Brief at 5; Id., Exh. A at 8-9; see Dkt. #33, ¶ 9 (Second Count)).  Similarly, in Interrogatory No. 13, defendant seeks information relating to the "offensive comments" alleged in the Second Count of the Amended Complaint and second Amended Complaint. (Dkt. #67, Brief at 6; Id., Exh. A at 9-10; see Dkt. #33, ¶ 9 (Second Count)).

In his Supplemental Compliance, plaintiff identifies the "agents, servants and/or employees" as requested in Interrogatory No. 12(a) and Interrogatory No. 13(c), and, in response to Interrogatory No. 12(b) and 13(b), plaintiff identifies the statements made by these agents, servants and/or employees.  (Dkt. #71, Exh. 2 at 5-7).  In Interrogatory No. 12(b)(i), defendant seeks the "manner in which each of [d]efendant's 'agents, servants, and/or employees' identified in Interrogatory No. 12(a) 'perceived the [p]laintiff to be bisexual' as alleged in Paragraph 9 of the Second Count, including: (i) Each action taken[.]" (Id. at 5)(emphasis added).  In his response, plaintiff identifies the statements that were made, but does not identify which statements were made by which of the two individuals identified in response to Interrogatory No. 12(a). (See Dkt. #71, Exh. 2, Interr. No. 12(b)(i)). **On or before October 31, 2017**, plaintiff shall supplement his response to identify which of the individuals identified in response to Interrogatory No. 12(a) made which statement identified in Interrogatory No. 12(b)(i).

Plaintiff's responses to Interrogatory No. 13(b), however, are sufficient as he is not asked to identify each action by each of the identified individuals, but rather, is asked the substance of the alleged "offensive comments" and then is asked the names of those "who [he] contend made 'offensive comments' to [him][.]" (Compare Dkt. #71, Exh. 2, Interr. Nos. 12(b) and 13(b)).

In Interrogatory No. 14, plaintiff is asked to identify and describe the manner in which he was harassed and treated differently from other employees, as alleged in paragraph 10

7

of the Second Count of his Amended Complaint and Second Amended Complaint. (Dkt. #71, Exh. 2, Interr. No. 14; Dkt. #67, Brief, Exh. A at 10; <u>see</u> Dkt. #33, ¶ 10). In his Supplemental Compliance, plaintiff responds: "Objection pending; Plaintiff was wrongfully terminated from employment. Plaintiff was requested to operate a tractor trailer beyond the time limits allowed by law." (Dkt. #71, Exh. 2, Interr. No. 14). **On or before October 31, 2017**, plaintiff shall supplement his response to explain if any other employees were "wrongfully terminated" for refusing "to operate a tractor trailer beyond the time limits allowed by law[,]" and if so, he shall provide the names of these employees.[11]

<u>b. DATES AND TIMES</u>

In Interrogatories Nos. 12(b)(ii), 12(b)(vii), 13(a), 15(b) and 15(e), plaintiff is asked, <u>inter alia</u>, to identify the "date(s) and time(s)" plaintiff was the subject of statements, comments, and harassment. (<u>See</u> Dkt. #71, Exh. 2, Interr. Nos. 12(b)(ii), 12(b)(vii), 13(a), 15(b), 15(e); Dkt. #67, Brief, Exh. A at 8-11). In his responses to these Interrogatories, plaintiff states that he was the subject of statements, comments, and harassment on a "daily basis[,]" and explains that he does not recall "specific 'dates and times[.]'" (<u>See</u> Dkt. #71, Exh. 2, Interr. Nos. 12(b)(ii), 12(b)(vii), 13(a), 15(b), 15(e)). **On or before October 31, 2017**, plaintiff shall identify exactly when such statements were made, or, at minimum, identify the precise time line (beginning date, ending date, and frequency) that such statements were made.

In Interrogatories Nos. 17(d) and 17(e), defendant seeks the "words spoken by the person(s) who terminated [p]laintiff's employment[,]" and plaintiff's "response, if any[.]" (Dkt. #71, Exh. 2, Interr. Nos. 17(d), 17(e); Dkt. #67, Brief, Exh. A at 11-12). In his

---

[11]<u>See</u> note 10 <u>supra</u>.

Supplemental Compliance, plaintiff responds that "[p]laintiff was discharged for refusing to drive an assigned additional delivery to New Jersey[,]" and that plaintiff "[d]isagreed with the reason for the discharge." (Dkt. #71, Exh. 2, Interr. Nos. 17(d), 17(e)). Plaintiff's responses suffice.

## c. WITNESSES

In Interrogatories Nos. 12(b)(iii), 12(b)(viii), 13(d), 15(c) and 15(f), plaintiff is asked to identify the names and addresses of witnesses of actions, communications, "offensive comments[,]" and "harass[ment,]" as well as the names of those who witnessed plaintiff "being 'treated differently than all other employees[.]'" (Dkt. #71, Exh. 2, Interr. Nos. 12(b)(iii), 12(b)(viii), 13(d), 15(c), 15(f); Dkt. #67, Brief, Exh. A at 8-11). In his responses to these five interrogatories, plaintiff states that "[o]ther drivers witnessed the actions including Lenford Allen, Ray Dennicon and Keddy (last name is not recalled)." (Dkt. #71, Exh. 2, Interr. Nos. 12(b)(iii), 12(b)(viii), 13(d), 15(c), 15(f) (emphasis added)).

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires that a party disclose the name of any individual likely to have discoverable information that may be used to support its claims or defenses. Moreover, parties who make disclosures or respond to interrogatories or requests for production must supplement their disclosures throughout the discovery process. FED. R. CIV. P. 26(e)(1)(A). Should plaintiff fail to identify a witness as required, plaintiff will not be allowed to use that witness at trial, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). Thus, to the extent there are witnesses other than Allen, Dennicon, and Keddy, **on or before October 31, 2017**, plaintiff shall, in response to Interrogatories Nos. 12(b)(iii), 12(b)(viii), 13(d), 15(c) and 15(f), identify said witnesses. Similarly, to the extent that plaintiff is "[p]resently aware of other drivers [who] witness[ed] the statement" made by plaintiff in response to the offensive

comments made, **on or before October 31, 2017**, plaintiff shall identify those witnesses in response to Interrogatory No. 13(e)(ii).

### d. DOCUMENTS AND COMMUNICATIONS

In Interrogatories Nos. 12(b)(iv) and 12(b)(ix), defendant requests "[a]ll documents relating to the action(s) taken[,]" and all documents "relating to the communication(s)[,]" in response to which plaintiff states that he "is currently aware of documents submitted to the CHRO pertaining to the comments made that the [p]laintiff was bisexual." (Dkt. #71, Exh. 2, Interr. Nos. 12(b)(iv) and (ix); Dkt. #67, Brief, Exh. A at 9). Similarly, in Interrogatories Nos. 19(b)-(e) plaintiff is asked about specific allegations in the complaint, in response to which plaintiff answers as to what he "[p]resently recall[s]." (See Dkt. #71, Exh. 2, Interr. Nos. 19(b), (c), (d), (e); Dkt. #67, Brief, Exh. A at 12-13). **On or before October 31, 2017**, plaintiff shall clarify his responses to Interrogatories Nos. 12(b)(iv) and 12(b)(ix) by identifying the written documents, if any. Additionally, to the extent plaintiff has additional information to provide regarding Interrogatories Nos. 19(b)-(e), he shall supplement his responses **on or before October 31, 2017**; otherwise, plaintiff shall be held to his responses to each of these requests, notwithstanding his continuing duty to supplement his responses under Federal Rule of Civil Procedure 26(e).

In his response to defendant's request in Interrogatory No. 12(b)(v) for "[t]he content of each communication made[,]" plaintiff stated that the "content included derogatory referenced [sic] that the plaintiff was bisexual." (Dkt. #71, Exh. 2, Interr. No. 12(b)(v); Dkt. #67, Brief, Exh. A at 9). To the extent that the content of the communication was more than derogatory references that plaintiff was bisexual, **on or before October 31, 2017**, plaintiff shall specify the content of the communication. Additionally, in response to Interrogatory No. 12(b)(vi) in which defendants asks "[w]hether the communication was

written or oral and, if oral, where the communication was made[,]" plaintiff stated  that oral communications were made but he did not identify "where" such statements were made; **on or before October 31, 2017**, plaintiff shall identify where such  oral communications were made.   (Dkt. #71, Exh. 2, Interr. No. 12(b)(vi); Dkt. #67, Brief, Exh. A at 9).

In Interrogatory No. 21, defendant requests that plaintiff "[i]dentify and describe each document in [his] possession, custody or control by date, author, recipient and subject, whether maintained in hard copy, computer and/or other format, which relates to the claims asserted by [him] in this lawsuit."  (Dkt. #71, Exh. 2, Interr. No. 21; Dkt. #67, Brief, Exh. A at 14).   In its reply brief, defendant explains that it informed plaintiff, by letter, that it "would narrow the scope of Int[errogatory No.] 21 to documents relating to '[p]laintiff's claim that he was harassed, treated differently than all other employees and was discharged from his employment based on his sex and based on the perception that he was bisexual, as is alleged in paragraph 10 of the Second Count of the Complaint." (Dkt. #72, at 4).  According to defendant, plaintiff "has yet to comply." (Id.). In plaintiff's Supplemental Compliance, the Interrogatory is written as the broader version recited above (see Dkt. #71, Exh. 2, Interr. No. 21; see Dkt. #67, Brief, Exh. A at 14), in response to which plaintiff states: "In response to revised Interrogatory #21, the [p]laintiff is currently aware of correspondence[,] dated February 22, 2015 from [p]laintiff to the Commission on Human Rights and Opportunities and correspondence from Jay Sabin to the plaintiff[,] dated October 31, 2014." (Dkt. #71, Exh. 2, Interr. No. 21).   It is not clear whether plaintiff is providing a response to the Interrogatory as it is written, or whether plaintiff's reference to the "revised Interrogatory #21" means that plaintiff's response is to the wording of the revised Interrogatory as recited in defendant's reply brief.  Either way, plaintiff's response in his Supplemental Compliance is responsive to the revised version of Interrogatory No. 21 which is narrowed in scope, and

no further compliance is required.

<u>2. REQUESTS FOR PRODUCTION NOS. 2, 8, 11, 12, 16, 20, 23, 26</u>[12]

In Request for Production No. 2, defendant seeks production of

> any and all documents or tangible things (including tape recordings) identified in response to any interrogatory above, including, but not limited to, all documents or tangible things (including tape recordings) described in or referred to by you or by persons identified in the responses to each of the foregoing interrogatories.

(Dkt. #67, Brief, Exh. A at 16). Plaintiff refers to this request as a "blanket request" that would require plaintiff to "search through each interrogatory to determine whether a document is []referred to in the [d]efendant's interrogatory requests." (Dkt. #71, at 6). Defendant's Request is limited to the documents that plaintiff identified in its responses to defendant's Interrogatories. Plaintiff shall respond **on or before October 31, 2017**.

In Request for Production No. 8, defendant seeks production of "any and all written or recorded statements by [plaintiff] as a party or witness in any civil action, arbitration, criminal proceeding or administrative action including, but not limited to, deposition transcripts, affidavits, statements, pleadings, decisions and findings of fact." (Dkt. #67, Brief, Exh. A at 17). Plaintiff contends that initially defendant did not narrow this request in time, but now defendant "proposes as an alternative that the documents be limited from January 1, 2009 to present and that only a list of such proceedings be provided rather than the documents be produced." (Dkt. #71 at 6; <u>see</u> Dkt. #67, Brief at 19, n.2). Defendant explains, by way of example, that this information is relevant as plaintiff also filed a complaint against the Union claiming that it failed to represent him at arbitration because of

---

[12]Although defendant initially sought to compel a response to Request for Production No. 16, plaintiff provided responsive documents in his Supplemental Compliance (<u>see</u> Dkt. #71, Exh. 2 at 13), and defendant has not expressed any further concerns.

his race and color; both complaints relate to the same adverse employment action, namely plaintiff's termination. (Dkt. #67, Brief at 19).

In his Complaint, plaintiff alleges that he began employment with defendant in 2006, and was discharged on or about October 2, 2014. (Dkt. #33). Thus, to the extent that defendant has agreed to narrow its request to the five years prior to plaintiff's termination of employment with defendant, such request is reasonable. Moreover, plaintiff does not counter defendant's example of how such request is relevant to plaintiff's claim in this action. Accordingly, **on or before October 31, 2017**, plaintiff shall respond to Request for Production No. 8, limited in time to January 1, 2009 to present.

In Requests for Production Nos. 11 and 12, defendant seeks "all documents dated or created since January 1, 2011, . . . concerning, mentioning and/or being communications relating to [plaintiff's] job, duties, responsibilities or performance" with defendant, and "any and all documents concerning any conduct [he] allegedly witnessed or were subjected to during [his] employment with [d]efendant that [he] contend[s] constitutes discrimination . . . . ." (Dkt. #67, Brief, Exh. A at 18). As stated above, plaintiff alleges that he was terminated after refusing a work assignment that would put plaintiff's driving time in excess of the U.S. Department of Transportation rules and regulations. (Dkt. #33). Documents related to plaintiff's job, duties, responsibilities and performance for the three years prior to his termination are relevant to this action. Accordingly, **on or before October 31, 2017**, plaintiff shall produce documents responsive to Request for Production No. 11. In his second Amended Complaint, plaintiff alleges he was subjected to discrimination based on his perceived sexual orientation. As worded, defendant's Request for Production No. 12 is too broad. Accordingly, **on or before October 31, 2017**, plaintiff shall produce documents concerning conduct he allegedly witnessed or was subjected to during the course of his

employment with defendant that plaintiff contends constitutes sexual orientation or perceived sexual orientation discrimination.

In defendant's Request for Production No. 20, defendant seeks "any and all documents not already produced that relate to or <u>reflect upon</u> the allegations set forth in the Amended Complaint dated January 14, 2016 . . . or the second Amended Complaint dated March 24, 2016 . . . ." (Dkt. #67, Brief, Exh. A at 21)(emphasis added). The Court agrees with plaintiff that it is "impossible to reasonably define or interpret what the [d]efendant means" for documents that "reflect upon" the allegations in plaintiff's Amended Complaint or second Amended Complaint. (Dkt. #71, at 7-8)(emphasis omitted). That said, plaintiff does not object to the term "relate to[,]" but has not provided responsive documents. Similarly, plaintiff objects to defendant's Request for Production No. 26 in which defendant seeks "any and all documents or tangible things (including tape or other recordings) known or believed to exist" concerning the facts at issue in the Amended Complaint or second Amended Complaint, or "upon which [p]laintiff may rely as support for these claims asserted in this matter . . . " (Dkt. 67, Brief, Exh. A at 23), on grounds that the request as written "requires the [p]laintiff to somehow produce documents that [he] does not have but believes to exist." (Dkt. #71, at 8-9).

Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, a party objecting to part of a request "must specify the part and permit inspection of the rest." Accordingly, **on or before October 31, 2017**, plaintiff shall supplement his responses to Requests for Production Nos. 20 and 26, producing "any and all documents not already produced that 'relate' to" the allegations set forth in the Amended Complaint dated January 14, 2016 . . . or the second Amended Complaint dated March 24, 2016 . . . " (Dkt. #67, Brief, Exh. A at 21), and producing "any and all documents or tangible things (including tape or other records

known to exist" concerning the facts at issue in the Amended Complaint or second Amended Complaint, or "upon which [p]laintiff may rely as support for these claims asserted in this matter . . . . " (Dkt. #67, Brief, Exh. A at 23).

In Document Request No. 16, defendant seeks "any and all documents concerning, mentioning and/or being communication pertaining to [plaintiff's] termination or 'discharge'" (Dkt. #67, Brief, Exh. A at 20), and in Request for Production No. 23, defendant seeks "all documents, . . . concerning and/or relating to the termination or 'discharge'[.]" (Id. at 22). In his Supplemental Compliance, plaintiff produced documents responsive to Document Request No. 16, but continues to object to Request for Production No. 23 on grounds that the latter Request "appears to be a rewording for the same request" made in Request for Production No. 16. (Dkt. #71, at 8). If plaintiff's response to No. 23 is the same as that for No. 16, then **on or before October 31, 2017**, plaintiff shall respond to this request by referring to his production in response to Request for Production No. 16.

    B. DISCOVERY REQUESTS RELATING TO DAMAGES -- INTERROGATORIES NOS. 6, 7, 8, 9, AND REQUESTS FOR PRODUCTION NOS. 5, 18, 27, 28

        1. INTERROGATORIES NOS. 6, 7, 8, 9[13]

In Interrogatory No. 7, defendant requests information about work plaintiff has performed since October 1, 2014 (Dkt. #67, Exh. A at 5), in response to which plaintiff provided approximate starting dates of his work, but failed to provide phone numbers, addresses and job titles of his immediate supervisors, and similarly failed to state how much he earned as an Uber driver. (Dkt. #67, Brief at 21-22; see Dkt. #67, Brief, Exh. C at 5-6). **On or before October 31, 2017**, plaintiff shall respond with further detail, stating if he is

---

[13]In his Supplemental Compliance, plaintiff provided responses to Interrogatories Nos. 6 and 9, and defendant has not objected. (See Dkt. #71, Exh. 2 at 3-4; see generally Dkt. #72, at 7-8).

still working for all three employers, as is suggested in his response to Interrogatory No. 7(g); providing a complete response to Interrogatory No. 7(c); providing more specific information regarding his starting date with Uber in response to Interrogatory 7(a); and supplementing his response to Interrogatory No. 7(d) to state the "amount earned" from Uber "during each calendar year" since he began this self-employment in 2015.

In response to Interrogatory No. 8 in which defendant seeks information regarding plaintiff's effort to find employment, plaintiff states that he "[w]alked into prospective employers[,]" and "[c]hecked internet job sites[.]" (Dkt. #67, Brief at 22; Dkt. #67, Brief, Exh. C at 6). In his brief in opposition, plaintiff adds that he "sought and obtained employment within one month after he was discharged (bus driver for Student Transportation of America, obtained employment in November 2014 after the [p]laintiff was discharged on October 31, 2014)." (Dkt. #71, at 9). In its reply brief, defendant contends that the request "calls for all attempts to the present[,]" which plaintiff did not provide. (Dkt. #72, at 8). Defendant, as plaintiff's former employer, "'bears the burden of demonstrating that [the] plaintiff has failed to satisfy the duty to mitigate.'" <u>Serricchio v. Wachovia Sec., LLC</u>, 606 F. Supp. 2d 256, 262 (D. Conn. 2009), <u>quoting Broadnax v. City of New Haven</u>, 415 F.3d 265, 268 (2d Cir. 2005), <u>aff'd</u>, 658 F.3d 169 (2d. Cir. 2011). Accordingly, the steps plaintiff took to mitigate his damages are relevant and discoverable. Plaintiff's response suggests a very limited job seeking effort, yet according to his response to Interrogatory No. 7, plaintiff has three jobs. To the extent plaintiff applied for any of his current positions, or any other position, plaintiff shall provide information responsive to Interrogatory No. 8 **on or before October 31, 2017**.

## 2. REQUESTS FOR PRODUCTION NOS. 5, 18, 27, 28[14]

In response to Request for Production No. 5, in which defendant seeks all documents relating to any claim for unemployment compensation benefits since October 1, 2014 (see Dkt. #67, Brief, Exh. A at 17; Dkt. #67, Brief, Exh. C at 18), plaintiff states in his Supplemental Compliance that: "Plaintiff has no documents relating to unemployment benefits he did not receive." (Dkt. #71, Exh. 2 at 13). The Court agrees with defendant that this response is "unclear[.]" (Dkt. #72, at 8). If plaintiff did not receive unemployment benefits, he shall state that in a supplemental response **on or before October 31, 2017**.

In his second Amended Complaint, plaintiff seeks back pay and front pay "including loss of benefits, and any costs associated with the expenses of his job search incurred since [p]laintiff's wrongful dismissal." (Dkt. #33, at 5). Accordingly, in Request for Production No. 18, defendant requested "any and all documents that in any way relate to or otherwise support [plaintiff's] claims for monetary and/or other relief against [d]efendant . . . ." (Dkt. #67, Brief at 23; see Dkt. #67, Brief, Exh. C at 22). In response, plaintiff produced W-2s for 2013 and 2014 and tax returns for 2015 and 2016. (Dkt. #71, Exh. 2 at 14 & Atts). **On or before October 31, 2017**, plaintiff shall supplement his response with his tax returns from 2013 and 2014.

In Requests for Production Nos. 27 and 28, defendant seeks "all records for all medical treatment, including, but not limited to psychiatry and psychotherapy treatment, sought or received by [plaintiff] since January 1, 2011[,]" and medical releases. (Dkt. #67, Brief at 26-27; Id., Exh. B at 5; Id., Exh. C at 25). Plaintiff objects to these requests on

---

[14]Although defendant repeats its discussion regarding Request for Production No. 2 in this section regarding mitigation (Dkt. #67, Brief at 20, 28), Request for Production No. 2 is addressed in Section II.A.2. supra..

grounds that they are "blanket request[s] for records not reasonably related to the instant case" and they seek "records without limitation to whether the treatment is related to the instant case[.]" (Dkt. #71, at 9). In response to Interrogatory No. 9, in which defendant sought the names, addresses and phone numbers of the medical providers from whom plaintiff sought treatment for injuries he claimed to have sustained as a result of the events alleged in his Amended Complaint and second Amended Complaint, plaintiff stated that he "[d]id not treat with [sic] health care provider." (Dkt. #71, Exh. 2 at 4). If that is true, then there should be no medical records on which plaintiff is basing his claim for damages. Accordingly, defendant's request for production of records and releases responsive to Request for Production Nos. 27 and 28 is <u>denied</u>.

<u>C. DISCOVERY REQUESTS RELATING TO OTHER AND/OR PRIOR LITIGATION RELEVANT TO PLAINTIFF'S EMOTIONAL DISTRESS CLAIM – INTERROGATORY NO. 4 AND REQUEST FOR PRODUCTION NO. 22</u>

In Interrogatory No. 4 and Request for Production No. 22, defendant seeks information relating to other "civil legal action (workers' compensation and administrative agency claims included)" and "any and all documents concerning any complaints or charges of discrimination or illegal conduct that [plaintiff] made against any employer or individual, since January 1, 2011, other than [d]efendant, including, but not limited to," his claim against the Union. (Dkt. #67, Brief at 29-30; <u>Id.</u>, Exh. A at 3-4 & 22). Plaintiff does not address Interrogatory No. 4 in his brief in opposition; in his supplemental response to Interrogatory No. 4, plaintiff states that he "[does] not presently recall such claims." (Dkt. #67, Brief at 30; <u>Id.</u>, Exh. D at 5). Defendant appropriately notes that plaintiff's response is not truthful "given that [p]laintiff also filed a CHRO complaint against the Union[.]" (Dkt. #67, Brief at 31). **On or before October 31, 2017**, plaintiff shall supplement his response with a full and fair response.

Plaintiff objects to Request for Production No. 22 on grounds that "a request for any other claims of discrimination against other employers or claims of 'illegal conduct' as to other employers cannot be a request for information reasonably calculated to lead to the discovery of admissible evidence in the instant case." (Dkt. #71, at 8). Plaintiff also contends that the phrase "'illegal conduct' . . . is particularly inappropriate as a discovery request in the instant case when it does not relate to the [p]laintiff's employment relationship with the [d]efendant in the instant case." (Id.). **On or before October 31, 2017**, plaintiff shall respond to Request for Production No. 22 to the limited extent that it seeks documents "concerning any complaints or charges of discrimination . . . that [plaintiff has] made against any employer or individual, since January 1, 2011, other than [d]efendant, including, but not limited to, the [Union]." (See Dkt. #67, Brief, Exh. A at 22).

### D. DISCOVERY REQUESTS AS TO RELEVANT DOCUMENTS THAT HAVE BEEN DESTROYED, DELETED OR CANNOT BE LOCATED -- INTERROGATORY NO. 22

Interrogatory No. 22 requests plaintiff to "[s]tate whether you have destroyed, deleted or otherwise cannot locate any document, whether maintained in hard copy, computer and/or other format, which relates to the claims asserted by you in this lawsuit and, if so, identify and describe each document." (DKt. #67, Brief at 32; Id., Exh. A at 14-15). Plaintiff responded, "Objection pending" (Dkt #67, Exh. C at 16), and in his reply brief, he neither addressed this Interrogatory nor his grounds for withholding his response. As plaintiff is no doubt aware, a party may not destroy evidence that is relevant to its claims or defense. See Residential Funding Corp. v. DeGeorge Fin'l Corp., 306 F.3d 99, 108-09 (2d Cir. 2002). Spoliation, which is "a cardinal litigation vice," Bagley v. Yale Univ., 318 F.R.D. 234, 236 (D. Conn. 2016), "is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable

litigation.'" Id., quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). In light of the foregoing, **on or before October 31, 2017**, plaintiff shall respond to Interrogatory No. 22.

## II. CONCLUSION

For the reasons stated above, Grocery Hauler's Motion to Compel (Dkt. #67) is granted in part and denied in part as follows:

denied as to Interrogatories Nos. 13(b), 17(d), 17(e) and 21;

denied as to Requests for Production Nos. 27 and 28;

granted such that **on or before October 31, 2017**, plaintiff shall supplement his response to Interrogatory Nos. 12(b)(i) and 14, consistent with this Ruling;

granted such that **on or before October 31, 2017**, in response to Interrogatories Nos. 12(b)(ii), 12(b)(vii), 13(a), 15(b) and 15(e), plaintiff shall identify exactly when such statements were made, or at minimum, identify the precise time line of such statements;

granted such that **on or before October 31, 2017**, plaintiff shall supplement his response, as applicable, to Interrogatories Nos. 12(b)(iii), 12(b)(viii), 13(d), 13(e)(ii), 15(c) and 15(f);

granted such that **on or before October 31, 2017**, plaintiff shall clarify his response to Interrogatories Nos. 12(b)(iv) and 12(b)(ix);

granted such that **on or before October 31, 2017**, plaintiff shall supplement his response to Interrogatories Nos.  19(b)-(e), if applicable;

granted such that **on or before October 31, 2017**, plaintiff shall supplement his response to Interrogatories Nos. 12(b)(v) and 12(b)(vi);

granted such that **on or before October 31, 2017**, plaintiff shall respond to Request for Production Nos. 2 and 8;

<u>granted</u> such that **on or before October 31, 2017**, plaintiff shall produce documents responsive to Request for Production No. 11;

<u>granted in part</u> as to Request for Production No. 12 such that **on or before October 31, 2017**, plaintiff shall produce documents concerning conduct he allegedly witnessed or was subjected to during the course of his employment with defendant that he contends constitutes sexual orientation or perceived sexual orientation discrimination;

<u>granted</u> such that **on or before October 31, 2017**, plaintiff shall supplement his response to Requests for Production Nos. 5, 18, 20, 23, 26;

<u>granted</u> such that **on or before October 31, 2017**, plaintiff shall supplement his response to Interrogatories Nos. 4, 7(a), 7(c), 7(d), 8;

<u>granted in part</u> as to Request for Production No. 22 such that **on or before October 31, 2017**, plaintiff shall respond to the limited extent that this Request seeks documents "concerning any complaints or charges of discrimination that [plaintiff has] made against any employer or individual, since January 1, 2011, other than [d]efendant, including, but not limited to, the [Union][]";

and <u>granted</u> such that **on or before October 31 , 2017**, plaintiff shall respond to Interrogatory No. 22.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for

the District of Connecticut; <u>Impala v. United States Dept. of Justice</u>, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 11th day of October, 2017.


/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge