IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------X
                                                     :
ANDREW BAILEY                                        :
         Plaintiff                                   :     15 CV 1835 (JBA)
                                                     :
v.                                                   :
                                                     :
                                                     :     JANUARY 11, 2018
GROCERY HAULERS, INC.                                :
         Defendant                                   :
                                                     :
-----------------------------------------------------X
```

## RULING ON DEFENDANT GROCERY HAULERS, INC.'S
## MOTION FOR SANCTIONS (Dkt. #86)

Familiarity with this Court's Ruling on Defendant's Motion to Compel (Dkt. #75), filed on October 11, 2017 ["October 2017 Discovery Ruling"] is presumed. On December 1, 2017, defendant filed the pending Motion for Sanctions (Dkt. #86), with exhibits in support, in response to which plaintiff filed a brief in opposition, with exhibits in support (Dkt. #89) on December 20, 2017. On January 3, 2018, defendant filed its reply brief with exhibits in support. (Dkt. #90). Discovery is scheduled to close in this case on January 18, 2018, and the dispositive motion deadline is February 20, 2018. (12/4/17 CM/ECF entry).

In the pending motion, defendant asserts that plaintiff failed to supplement "fully and fairly" his responses to Interrogatory Nos. 4, 7(a), 7(c), 7(d), 8, 12, 13(d), 13(e)(ii), 15(c) and 15(f), and Requests for Production Nos. 2, 8, 11, 12, and 20 by the October 31, 2017 deadline set forth in the Court's October 2017 Discovery Ruling. (Dkt. #86). On November 21, 2017, plaintiff served additional supplemental responses, and after further correspondence between counsel, on November 29, 2017, plaintiff provided supplemental compliance to all of the foregoing except Interrogatory No. 7(d) and Request for Production

No. 28. (Dkt. #86, at 1; Dkt. #86, Brief at 2-3, 5-7). Two days later, defendant filed the pending motion asserting that plaintiff "should be penalized[]" for his "dilatory tactics[.]" (Dkt. #86, at 2). Defendant contends that plaintiff failed to supplement his responses to Interrogatory 7(d), in which plaintiff was asked if he was paid hourly or on a salary basis, the compensation rate or salary, and the amount earned from each source for whom plaintiff worked since October 1, 2014; defendant's request at this stage specifically refers to the amount plaintiff earned while employed at UPS and Uber. (Dkt. #86, Brief at 6 & Exh. A at 4). Additionally, according to defendant, plaintiff's production in response to Request for Production No. 18 "remains deficient[]" as plaintiff failed to produce the W-2 wage statement detailing income received in 2014 from STA of Connecticut. (Dkt. #86, Brief at 7).

In his objection, plaintiff notes that he has complied with Interrogatory 7(d) in that, in an email dated November 22, 2017, plaintiff's counsel informed defense counsel that he did not work for Uber in 2017 (Dkt. #89, at 1 & Exh. A), and defendant "fail[ed] to inform the court that it issued a subpoena to Uber to produce the [p]laintiff's employment records by November 20, 2017." (Dkt. #89, at 1).[1] Additionally, plaintiff contends that although he had a typographic error when he noted seasonal work at UPS from November 2016 to January 2016, the seasonal work ended in January 2017, and defendant, as a result of a subpoena issued to UPS, received plaintiff's UPS employment records on November 21, 2017. (Dkt. #89, at 2 & Exh. B). According to plaintiff, between plaintiff's own responses and Uber and UPS' responses to the subpoenas issued by defendant, there is no information

---

[1]Attached to defendant's motion is correspondence from defense counsel informing plaintiff's counsel of defendant's receipt of documents responsive to its subpoena to UPS. (See Dkt. #86 Aff't, Exh. 4).

outstanding.[2]

In addition, plaintiff responds that he provided defendant with all of the income tax returns requested together with the corresponding schedules in response to Request for Production No. 18, and thus, plaintiff cannot determine what defendant claims is missing. (Dkt. #89, at 2). To the extent that defendant is missing plaintiff's 2014 itemized deduction worksheet, plaintiff attached another copy to his brief in opposition. (Dkt. #89, Exh. B). Plaintiff also asserts that he does not have W-2s for 2015 and 2016, but plaintiff's W-2 income is listed with a description of the employer on a W-2 worksheet attached to plaintiff's 2015 and 2016 tax returns. (Dkt. #89, at 3). In response, defendant claims plaintiff has not provided his 2014 W-2 and failed to produce any accompanying statements, schedules, and/or attachments for his 2013, 2014, and 2015 tax returns. (Dkt. #90, at 6-7).

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions on a party for failure to comply with a discovery order, and Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." "Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction . . . ." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)(citation omitted); see John B. Hull, Inc . v. Waterbury Petroleum Prods, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)(citation omitted)(imposition of sanctions is within the discretion of the district court).

---

[2]See note 4 infra.

Defendant is correct that this Court ordered compliance by October 31, 2017, and such compliance was not complete until over a month later. (See Dkt. #89, Exh. A; Dkt. #90, Exhs. I-J). One day after the October 31, 2017 deadline, defendant served a subpoena on UPS, and two days later, on November 3, 2017, defendant served a subpoena on Uber Technologies, Inc. and Raiser, LLN. (Dkt. #90, at 8, n.11). As discussed above, plaintiff responded to defense counsel in an email communication that he did not receive any compensation from Uber in 2017 (see Dkt. #89, Exh. A);[3] plaintiff served supplemental compliance prior to the filing of defendant's motion (see Dkt. #86, Aff't, Exh. 6; Dkt. #90, Exhs. I-J); and plaintiff served an additional document responsive to Request for Production No. 18 in connection with his brief in opposition. (See Dkt. #89, Exh. B). Thus, the fact that defendant received documents responsive to its subpoena to UPS,[4] and the fact that plaintiff supplemented its responses once deficiencies were noted by defense counsel in the weeks following the October 31, 2017 deadline, does not excuse plaintiff's counsel's failure to comply with the Court's discovery order. Accordingly, the Court orders plaintiff's counsel to pay reasonable attorneys' fees and costs, limited to those expended in connection with the motion for sanctions and reply brief. After the close of discovery, defendant shall file an application for attorneys' fees and costs outlining the reasonable fees and costs expended in litigating this motion for sanctions.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the

---

[3] Plaintiff did not supplement his response to Interrogatory No. 7(d), in writing and under oath as required by Federal Rule of Civil Procedure 33(b)(3). Defendant, however, accepted plaintiff's "supplemented" response. (See Dkt. #89, Exh. A, Nov. 22, 2017 2:30PM email: ". . . there was no way for us to know that he did not earn compensation from Uber in 2017 – which is why we were seeking clarification.").

[4] Defendant contends that Uber Technologies, Inc./Raiser, LLC failed to produce responsive documents to date. (Dkt. #90, at 8).

standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling **will** preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling **may** preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 11th day of January, 2018.

                                               /s/ Joan G. Margolis, USMJ
                                               Joan Glazer Margolis
                                               United States Magistrate Judge